# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE RAY BROWN, | No. 07-cv-00711 LJO TAG |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE § 1983 CLAIM AND FALSE IMPRISONMENT CLAIM WITHIN TWENTY DAYS |
| v. | |
| ERIC LANTZ, et al., | |
| Defendants. | |

## SCREENING REQUIREMENT

On May 14, 2007, plaintiff Bennie Ray Brown, proceeding pro se, filed the instant civil rights action against Bakersfield Police Department Officers Eric Lantz and Steve Wilson, in their individual capacities. (Doc. 1). His corrected motion to proceed in forma pauperis ("IFP") was granted on August 28, 2007. (Docs. 10, 12).

Because Plaintiff has been granted leave to proceed IFP, the court has "screened" his complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of a case at any time if the court determines that it (1) "is frivolous or malicious," or (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii).

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual

1

allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id. The test for malice is a subjective one that requires the court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1(11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

**PLAINTIFF'S CLAIMS**

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983. In this case, Plaintiff alleges that defendants Lantz and Wilson, while acting under color of state law, violated his rights under the Fourth, Eighth, and Fourteenth Amendments when they caused him to be falsely arrested and imprisoned for possession of cocaine base on November 24, 2004. (Doc. 1, p. 5). Plaintiff contends that the defendants falsified the police report and committed perjury that resulted in his illegal arrest, and alleges that he subsequently "suffered 214 days of confinement" before the Kern County Superior Court dismissed his case on June 30, 2005. (Doc. 1, pp. 2, 5-7). Plaintiff seeks $140,000 in compensatory and punitive damages. (Doc. 1, p. 7).

///

**1. § 1983 Claims.**

Plaintiff's first claim for § 1983 relief alleges a violation of his Fourth Amendment rights. (Doc. 1, 7:8-11). The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and prohibits arrests without probable cause or other justification. U.S. Const. Amend IV; United States v. Watson, 423 U.S. 411, 417-424 (1976). "A claim of illegal arrest is cognizable under section 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or justification." Barsch v. Brann, 1996 WL 231023 *4 (N.D.Cal. April 29, 1996)(citations omitted). In this case, Plaintiff's allegations state a cognizable claim for false arrest and imprisonment under the Fourth Amendment.

Plaintiff's second claim for § 1983 relief alleges a violation of his Eighth Amendment rights. (Doc. 1,7:11-13). The Eighth Amendment prohibits cruel and unusual punishment, and its protections apply only after conviction and sentence. U.S.Const. Amend VIII; Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979) ; Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004). Here, because Plaintiff was a pretrial detainee and was not convicted of the crime, he cannot proceed on a claim of cruel and unusual punishment in violation of the Eight Amendment. Accordingly, Plaintiff's allegations do not state a cognizable § 1983 claim for false arrest and imprisonment under the Eighth Amendment.

Plaintiff's third claim for § 1983 relief alleges a violation of his Fourteenth Amendment rights, and appears to be directed only at defendant Lantz. (Doc. 1,7:14-21). The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S.Const., Amend. XIV §1. The Due Process Clause guarantees procedural and substantive due process. Procedural due process "protects individuals against the deprivation of liberty or property by the government without due process." Urbina v. Carson, 2007 WL 2814652 at *6 (E.D. Cal. September 25, 2007)(citation omitted). Substantive due process protects individuals against arbitrary, capricious, or excessive action by the government, and "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998)(citations omitted). In order to allege a cognizable

1  § 1983 claim based on procedural due process, a plaintiff must allege a Constitutionally protected
2  liberty or property interest, deprivation of the interest by the government, and lack of process. Portman
3  v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).  In order to allege a cognizable § 1983
4  claim based on substantive due process, a plaintiff must allege that the government's action was
5  arbitrary, capricious, or excessive, and that the plaintiff has a Constitutionally protected interest. See
6  Urbina, 2007 WL 2814652 at *5.
7       In this case, Plaintiff alleges that defendant Lantz violated Plaintiff's rights under the Fourteenth
8  Amendment when Lantz allegedly "falsified probable cause to arrest and fabricated he saw plaintiff
9  discard a small bindle of rock cocaine . . . then testified at the preliminary proceedings it was not
10 cocaine." (Doc. 1, 7:14-21).  Plaintiff's claim against defendant Lantz is based on lack of probable
11 cause to arrest.  Pretrial liberty deprivations are governed by the Fourth Amendment. Albright v. Oliver,
12 510 U.S. 266, 273-274 (1994); see Barsch, 1996 WL 231023 at *3.  There is no substantive right under
13 the due process clause of the Fourteenth Amendment to be free from criminal arrest and prosecution
14 without probable cause. Id.  Plaintiff's allegations against defendant Lantz fail to state a cognizable
15 § 1983 claim because they fail to allege the violation of a Constitutionally protected right.

16      **2. State Law Claim for False Arrest and Imprisonment.**

17      Plaintiff also attempts to allege a state law cause of action for false arrest/false imprisonment
18 pursuant to California Penal Code §§ 236, 995(a)(1)(A)(B), 2(A)(B). (Doc. 1, 6:14-20).  The state
19 statutes relied upon by Plaintiff for his state law cause of action do not provide a civil cause of action
20 for false arrest and imprisonment.  Penal Code § 236 is a definition provision, and defines false
21 imprisonment as "the unlawful violation of the personal liberty of another."  Penal Code §§
22 995(a)(1)(A)(B) and (a)(2)(A)(B) describe state law criminal procedures to set aside a legally
23 insufficient accusatory criminal pleading.  In order to state a cognizable civil claim, Plaintiff must allege
24 a cognizable civil cause of action.  Plaintiff alleges claims for false arrest and imprisonment; however
25 under California law, "[f]alse arrest and false imprisonment are not separate torts.  False arrest is but one
26 way of committing false imprisonment." Collins v. City and County of San Francisco, 50 Cal. App. 3d
27 671, 673 (1975). The elements of a civil cause of action for false imprisonment under California law are
28

"(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time." Blaxland v. Commonwealth Director of Public Prosecutions, 323 F. 3d 1198, 1205 (9th Cir. 2003). Despite the fact that Plaintiff relies on criminal law and procedure statutes as the bases for his false arrest and imprisonment claim, the Court concludes that the factual allegations in the complaint are sufficient to allege a cognizable claim for false imprisonment under state law.

## CONCLUSION

The Court finds that Plaintiff's complaint states a cognizable § 1983 claim for relief against defendants Lantz and Wilson based on alleged Fourth Amendment deprivations, and a cognizable state law cause of action against defendant Lantz and Wilson for alleged false imprisonment . However, the Court finds that Plaintiff's complaint does not state cognizable § 1983 claims against either of the defendants based on alleged Eighth and Fourteenth Amendment deprivations.  The Court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified by the Court in this Order, if Plaintiff wishes to do so.

In the event Plaintiff does not wish to file an amended complaint and wishes to proceed against defendants Lantz and Wilson only on the § 1983 claim based on Fourth Amendment deprivations and the state law cause of action for false imprisonment, Plaintiff may so notify the court in writing. The Court will then Issue Findings and Recommendations recommending that the remaining claims be dismissed from the action, and will forward Plaintiff two summonses and two USM-285 forms to fill out and return to the Court. Upon receipt of those documents, the Court will direct the United States Marshal to initiate service of process upon defendants Lantz and Wilson.

In the event Plaintiff does wish to amend his complaint, Plaintiff is advised that Rule 15-220 of the Local Rules of the United States District Court for the Eastern District of California requires that an amended complaint be complete in itself without reference to any prior pleadings. As a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F. 2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in this case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**ORDER**

Accordingly, it is hereby ordered that:

1. Within twenty (20)days from the date of service of this Order, Plaintiff must either:

    A. File an amended complaint curing the deficiencies identified by the Court in this Order, or

    B. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed against defendants Lantz and Wilson only on the 42 U.S.C. § 1983 claim based on Fourth Amendment deprivations and the state law cause of action for false imprisonment.

2. **If Plaintiff fails to comply with this Order, the Court will recommend that this action be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **October 9, 2007**                                               /s/ Theresa A. Goldner
                                                                  UNITED STATES MAGISTRATE JUDGE