IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE RAY BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC LANTZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | No. 07-cv-00711 LJO TAG<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE NON-COGNIZABLE CLAIMS IN PLAINTIFF'S COMPLAINT<br>(Docs. 1, 14, 15) |

Plaintiff Bennie Ray Brown is a non-prisoner proceeding in forma pauperis in his pro se civil rights action, 42 U.S.C. § 1983. (Doc. 1, 10). The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

**Background**

On October 9, 2007, the Court screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and determined that it states a cognizable § 1983 claim for alleged Fourth Amendment violations and a cognizable state law cause of action for alleged false imprisonment. The Court also determined that the complaint does not state cognizable § 1983 claims for alleged Eighth and Fourteenth Amendment violations. (Doc. 14). In its October 9, 2007 order, the Court instructed Plaintiff to decide whether to pursue only on the cognizable claims, or whether to cure the deficiencies in the non-cognizable claims and file an amended complaint. (Id. at 5). Plaintiff was instructed to notify the Court in writing as to his decision, and was advised that if he decided to proceed only on the cognizable claims, the Court would issue findings and recommendations to dismiss Plaintiff's non-cognizable claims, i.e. his § 1983 claims for alleged Eighth and Fourteenth Amendment violations. (Id.).

1

On October 29, 2007, Plaintiff filed a pleading entitled "Plaintiff Wishes To Proceed on Fourth Amendment Claim and False Imprisonment," reporting that he will proceed with his § 1983 "cognizable claim for false arrest and false imprisonment under the Fourth Amendment." (Doc. 15). The Court interprets this to mean that Plaintiff has decided *not* to proceed with the non-cognizable § 1983 claims for alleged Eighth and Fourteenth Amendment violations. Accordingly, the Court submits these Findings and Recommendations with respect to Plaintiff's claims.

### Screening Requirement

Section 1915(e)(2)(B) of Title 28 of the United States Code requires the dismissal of a case at any time if the Court determines that it (1) "is frivolous or malicious," or (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii).

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id. The test for malice is a subjective one that requires the court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1(11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

### Plaintiff's Complaint

In his complaint, Plaintiff alleges that Bakersfield Police Department Officers Eric Lantz and Steve Wilson, in their individual capacities (collectively, the "Defendants"), while acting under color

of state law, deprived him of rights secured him by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, when, in November 2004, they caused him to be falsely arrested and imprisoned for possession of cocaine base. (Doc. 1, p. 5). Plaintiff further asserts that his arrest, imprisonment, and indictment violated provisions of both the California Constitution and Penal Code. (Id.). According to Plaintiff, Defendants falsified the police report and committed perjury, resulting in his illegal arrest, which caused him to "suffer[] 214[1] days of confinement" before Kern County Superior Court Judge Bush dismissed the charges against him after concluding that Plaintiff had been "indicted and committed without reasonable or probable cause." (Doc. 1, pp. 2, 4-5, 7). Plaintiff seeks $140,000 in compensatory and punitive damages. (Id. at 7).

**Plaintiff's Claims**

I.   Section 1983 Claims.

Section 1983 of title 42 of the United States Code "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983. In this case, Plaintiff alleges that defendants Lantz and Wilson violated his rights under the Fourth, Eighth, and Fourteenth Amendments.

    1.   First Claim - Fourth Amendment.

Plaintiff's first claim for § 1983 relief alleges a violation of his Fourth Amendment rights. The Fourth Amendment prohibits arrests without probable cause or other justification, and provides that:

///

---

[1] Elsewhere, Plaintiff states that he spent 240 days in prison. (Doc. 1, p. 7).

3

> The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the person or things to be seized. U.S. Const. , amend. IV

A claim for unlawful arrest is cognizable under § 1983 claim as a Fourth Amendment violation when the arrest is alleged to have been made without probable cause or justification. <u>Dubner v. City and County of San Francisco</u>, 266 F.3d 959, 964 (9th Cir.2001).

In this case, Plaintiff alleges that Defendants violated his rights under the Fourth Amendment when they falsely attested, in their probable cause declaration and police report, that they had witnessed him discarding "rock cocaine" and mentioned a "glass narcotics smoking pipe" when they searched and, thereafter, arrested Plaintiff in November 2004.  (Doc. 1, pp. 6-7).  Plaintiff's contention that there was no probable cause to arrest and imprison him, as, purportedly, Judge Bush found, is sufficient to state a claim for illegal seizure under the Fourth Amendment and thus states a cognizable claim under 42 U.S.C. § 1983.

2.     <u>Second Claim - Eighth Amendment.</u>

Plaintiff's second claim for § 1983 relief alleges a violation of his Eighth Amendment rights. Plaintiff alleges that he "suffered cruel and unusual punishment in violation of the 8th amendment . . . in that he . . . endured irreparable damage physically and mentally via being shackled, imprisoned and placed in danger with gang members." (Doc. 1, p. 7).

The Eighth Amendment proscribes, in part, the infliction of cruel and unusual punishment, and its protections apply only after conviction and sentence.  U.S. Const., amend. VIII, § 3; <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 n.16 (1979); <u>Demery v. Arpaio</u>, 378 F.3d 1020, 1029 (9th Cir. 2004). In the instant case, Plaintiff was not convicted of a crime. Plaintiff was a pre-trial detainee whose criminal charges were ultimately dismissed, and as such, he was not entitled to the panoply of Eighth Amendment rights.  <u>Bell</u>,  441 U.S. 520 at 535 n.16.  Plaintiff, therefore, has not and cannot state a cognizable § 1983 claim for alleged violation of his Eighth Amendment rights, and his claim should be dismissed with prejudice.

///

4

1       3.     <u>Third Claim - Fourteenth Amendment.</u>

2     Plaintiff's next claim for § 1983 relief alleges a violation of his Fourteenth Amendment rights. Plaintiff alleges that Defendant Lantz deprived him of his constitutional rights by falsifying the existence of probable cause to arrest him. (Doc. 1, p. 7).

5     The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S.Const., amend. XIV §1. The Due Process Clause guarantees procedural and substantive due process. Procedural due process "protects individuals against the deprivation of liberty or property by the government without due process." <u>Urbina v. Carson</u>, 2007 WL 2814652 at *6 (E.D. Cal. September 25, 2007)(citation omitted). Substantive due process protects individuals against arbitrary, capricious, or excessive action by the government, and "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 840 (1998)(citations omitted).

14     In order to allege a cognizable § 1983 claim based on procedural due process, a plaintiff must allege a constitutionally protected liberty or property interest, deprivation of the interest by the government, and lack of process. <u>Portman v. County of Santa Clara</u>, 995 F.2d 898, 904 (9th Cir. 1993). In order to allege a cognizable § 1983 claim based on substantive due process, a plaintiff must allege that the government's action was arbitrary, capricious, or excessive, and that the plaintiff has a constitutionally protected interest. See <u>Urbina</u>, 2007 WL 2814652 at *5.

20     Here, Plaintiff alleges that Defendant Lantz violated his rights under the Fourteenth Amendment when Lantz allegedly "falsified probable cause to arrest and fabricated he saw plaintiff discard a small bindle of rock cocaine . . . then testified at the preliminary proceedings it was not cocaine." (Doc. 1, 7:14-21). Plaintiff's claim is based on lack of probable cause to arrest. Pretrial liberty deprivations are governed by the Fourth Amendment. See <u>Albright</u>, 510 U.S. at 273-274. There is no substantive right under the due process clause of the Fourteenth Amendment to be free from arrest and prosecution without probable cause. Consequently, Plaintiff has not and cannot state

///

a cognizable § 1983 claim predicated on the Fourteenth Amendment, and this claim should be dismissed with prejudice.

II.     Fourth Claim - State Law Claim for False Arrest and False Imprisonment.

Plaintiff also attempts to allege a state law cause of action for false arrest/false imprisonment pursuant to California Penal Code §§ 236, 995(a)(1)(A)(B), and (a)(2)(A)(B). These statutes do not provide a civil cause of action for false arrest and imprisonment. Penal Code § 236 is a definition provision which defines false imprisonment as "the unlawful violation of the personal liberty of another." Penal Code §§ 995(a)(1)(A)(B) and (a)(2)(A)(B) are state law criminal procedures to set aside legally insufficient accusatory criminal pleadings.

False imprisonment is a tort claim. Under California law, false arrest and false imprisonment are not separate torts. Rather, false arrest is "but one way of committing false imprisonment." Watts v. County of Sacramento, 256 F.3d 886, 891 (9th Cir. 2001)(quoting Asgari v. City of Los Angeles, 15 Cal. 4th 744 (1997)). The elements of a cause of action for false imprisonment under California law are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time. Blaxland v. Commonwealth Director of Public Prosecutions, 323 F. 3d 1198, 1205 (9th Cir. 2003)(citations omitted); Easton v. Sutter Coast Hospital, 80 Cal. App.4th 485, 496 (2000) . "A cause of action for false imprisonment based on unlawful arrest will lie where there was an arrest without process followed by imprisonment." Watts, 256 F.3d at 891 (citing City of Newport Beach v. Sasse, 9 Cal.App.3d 803 (1970)).

Here, Plaintiff alleges that he was falsely arrested and subsequently imprisoned until Judge Bush dismissed the charges against him after concluding that Plaintiff had been "indicted and committed without reasonable or probable cause." (Doc. 1, pp. 2, 4-5, 7). Despite Plaintiff's reliance on criminal law and procedure as the bases for his false arrest and false imprisonment claim, the Court concludes that the factual allegations in the complaint are sufficient to allege a cognizable claim for false imprisonment under state law, and will recommend that Plaintiff be permitted to proceed with this claim as pendent to his § 1983 claim.

///

**CONCLUSIONS AND RECOMMENDATIONS**

Based on the foregoing, it is RECOMMENDED THAT:

1. Plaintiff's Second and Third Claims in the Complaint (Doc. 1), i.e., the claims for relief under 42 U.S.C. § 1983 for alleged Eighth and Fourteenth Amendment violations, be DISMISSED WITH PREJUDICE; and

2. This matter be referred back to the Magistrate Judge for additional orders as appropriate.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 29, 2007**               /s/ Theresa A. Goldner
                                      UNITED STATES MAGISTRATE JUDGE