IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE RAY BROWN, | CASE NO. CV F 07-0711 LJO TAG |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| vs. | (Doc. 23, 24, 27.) |
| ERIC LANTZ, et al, | |
| Defendants. | |

**INTRODUCTION**

Defendant Bakersfield police officers Eric Lantz and Steve Wilson (collectively "defendants") seek F.R.Civ.P. 12(b)(6) dismissal of plaintiff Bennie Ray Brown's ("Mr. Brown's") 42 U.S.C. § 1983 ("section 1983") and state law false imprisonment claims on grounds that they are time barred. This Court considered defendants' motion to dismiss on the record[1] and VACATES the July 15, 2008 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DENIES dismissal of Mr. Brown's Fourth Amendment violation claim under section 1983 and state law false imprisonment claim.

---

[1] Defendants filed no timely reply papers.

1

## BACKGROUND

Mr. Brown filed this action on May 14, 2007 to allege in his complaint that on November 28, 2004, he "was falsely arrested and imprisoned for possession of cocaine base" and "suffered 214 days of confinement" in state custody. The complaint alleges that on June 30, 2005, the Kern County Superior Court dismissed the charges against Mr. Brown.

This Court's screening orders determined that Mr. Brown's complaint sufficiently alleged claims that defendants: (1) lacked probable cause to arrest and imprison Mr. Brown to violate the Fourth Amendment ("section 1983 claim"); and (2) subjected Mr. Brown to false imprisonment under state law ("state law claim"). As such, Mr. Brown proceeds on a distinctive section 1983 claim alleging Fourth Amendment violations and a false imprisonment claim under California law.

Defendants do not distinguish between the section 1983 and state law claims, although this Court's prior orders have been more than clear. Defendants blend the section 1983 and state law claims and seek their dismissal as time barred under California Code of Civil Procedure section 340(c) ("section 340(c)"), which provides a one-year limitations period for a state law false imprisonment claim.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion Standards

A limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. A motion to dismiss based on a limitations defense may be granted only if the complaint's assertions, read with required liberality, would not permit the plaintiff to prove that the statute was tolled. *Jablon*, 614 F.2d at 682.

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in

the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

With these standards in mind, this Court turns to whether the section 1983 and state law claims avoid a limitations defense.

### **Section 1983 Limitations Period**

Federal civil rights statutes have no independent limitations period. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000); *Abreu v. Ramirez*, 284 F.Supp.2d 1250, 1257 (C.D. Cal. 2003). The applicable limitations period is determined by borrowing the forum state's limitations period for personal injuries. *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257. Section 1983 claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938 (1985).

On January 1, 2003, California Code of Civil Procedure section 335.1 ("section 335.1")[2] took effect to extend the prior limitations period for personal injury actions (and correspondingly to federal civil rights claims, *see Wilson*, 471 U.S. at 271-272, 105 S.Ct. 1938; *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir. 1990)) from one year under former California Code of Civil Procedure section 340(3) to two years. *Abreu*, 284 F.Supp.2d at 1255; *see* Cal. Senate Bill 688 (Burton), Stats. 2002, ch. 448, §3. Applying California law, claims brought under section 1983 and which arise in California are generally barred if not brought within two years if they accrued after January 1, 2003. *See Johnson*, 421 U.S. 454, 95 S.Ct. 1716; *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994); *Krug*, 896 F.2d at 396-397; *see also Taylor v. Regents of University of California*, 993 F.2d 710, 711 (9th Cir. 1993), *cert. denied,* 510 U.S. 1076, 114 S.Ct. 890 (1994).

Federal law "determines when a federal cause of action accrues, despite the fact that state law determines the relevant statute of limitations." *Wetzel v. Lou Ehlers Cadillac Group*, 189 F.3d 1160,

---

[2] Section 335.1 provides: "Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."

1163 (9th Cir. 1999) (quoting *Williams v. UNUM Life Ins. Co. of America*, 113 F.3d 1108, 1111 (9th Cir. 1997)); *Elliott*, 25 F.3d at 801-802.  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).  "Generally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury."  *De Anza Properties X, Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir. 1991).

The moving authorities offer little guidance as to accrual of the section 1983 claim, but rather merely reference "every relevant date presented by the plaintiff including the date of arrest and the date of adjudication."  Clearly, Mr. Brown's section 1983 claim accrued no sooner than the June 30, 2005 dismissal of his underlying criminal charges.  *See Heck v. Humphrey*, 512 U.S. 477, 487-488, 114 S.Ct. 2364 (1994).  As such, the applicable two-year limitations period does not bar his section 1983 claim given that Mr. Brown filed this action on May 14, 2007, safely within the limitations period.

### False Arrest Limitations Period

Defendants seek to apply section 340(c)'s one-year limitations period for an action for "false imprisonment" under California law.  Defendants do not consider California Code of Civil Procedure section 352.1(a) which tolls a limitations period up to two years when a plaintiff is incarcerated "at the time the cause of action accrued."  More specifically, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life enjoy two-year tolling under California Code of Civil Procedure 352.1(a).  Based on defendants' position that the state law claim accrued as late as the June 30, 2005 dismissal of Mr. Brown's criminal charges, Mr. Brown's delay to May 14, 2007 to file this action is not fatal given the two-year tolling period.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES as time barred F.R.Civ.P. 12(b)(6) dismissal of Mr. Brown's section 1983 claim for Fourth Amendment violations and state law false imprisonment claim.  This Court ORDERS defendants, no later than July 31, 2008, to file a responsive pleading to Mr. Brown's complaint.

IT IS SO ORDERED.

**Dated:   July 9, 2008                        /s/ Lawrence J. O'Neill**

UNITED STATES DISTRICT JUDGE