1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

6    BENNIE RAY BROWN,                         )    Case No.  1:07-cv-00711-LJO-BAK [DLB]
                                              )
7                        Plaintiff,           )    ORDER GRANTING IN PART AND
                                              )    DENYING IN PART MOTION TO
8                  v.                          )    COMPEL FURTHER RESPONSES TO
                                              )    DISCOVERY
9    ERIC LANTZ and S. WILSON, *et al.*,       )
                                              )
10                                             )    (Doc. 34)
                                              )
11                       Defendants.          )
     _____)

12

13        Plaintiff's Motion to Compel Discovery (Doc. 34) was heard on June 12, 2009 at 9:00 a.m.

14   before United States Magistrate Judge Dennis L. Beck.  Plaintiff appeared personally, acting in this

15   matter as his own attorney.  Attorney Michael Lehman, representing Defendants Eric Lantz and

     Steven Wilson, was also present.
16
17        The Court has read and considered all of the documents filed in connection with this

18   motion, including Plaintiff's moving papers (id.) and supporting declaration (Doc. 42);

19   Defendants' opposition to Plaintiff's motion and the declaration of Defendants' counsel in support

20   of that opposition (Doc. 38); and Plaintiff's reply to Defendants' opposition (Doc. 43).  The Court

21   has also considered the arguments raised by the parties as well as their representations made during

     the course of the hearing.
22
23                                    **BACKGROUND**

24        On May 14, 2007, pro se Plaintiff Bennie Ray Brown filed this civil rights action against

25   Bakersfield Police Department Officers Eric Lantz and Steven Wilson, in their individual

26   capacities.  (Doc. 1.)  The complaint alleges a deprivation of Plaintiff's Fourth Amendment rights

27   under the United States Constitution and a state law cause of action for false imprisonment.  The

                                                 1

facts asserted in support of these claims involved Plaintiff's arrest and detention by Defendants on November 28, 2004 for possession of cocaine.  The arrest led to Plaintiff's immediate incarceration on this charge,  which ended on  June 20, 2005, when Kern County Superior Court Judge Michael Bush dismissed the charge against Plaintiff pursuant to California Penal Code section 995. Apparently, Judge Bush concluded that there was no reasonable or probable cause for the indictment or information.  (Id. at pp.1-2.)  In this action, Plaintiff seeks compensatory and punitive damages for his allegedly wrongful arrest and imprisonment.  (Doc. 1.)

On July 30, 2008, Defendants filed their answer to Plaintiff's complaint.  (Doc. 29.)

On January 22, 2009, Plaintiff propounded his First Set of Interrogatories to Defendants. (Doc. 38, Exhibit A, Declaration of Michael E. Lehman in Opposition to Plaintiff's Motion to Compel ( "Opp.Dec.").)  On February 26, 2009, Defendants served their responses, which included a number of objections to the form and/or content of various interrogatories. (Opp. Dec., p. 1, and Exhibit B.)  Apparently, some attempts were made to resolve the discovery dispute prior to the May 8, 2009 filing of the instant motion but those efforts were, obviously, unsuccessful.  (Opp. Dec., p. 2.)

Plaintiff's motion seeks to compel further answers or admissions to eleven (11) of Plaintiff's twenty-one (21) propounded interrogatories, specifically, interrogatories numbered A, B, C, F, H, "I," P, R, S, T, and U.[1]  (Doc. 34.)  As authority for his motion, Plaintiff cites Fed.R.Civ.P. 37 and claims that Defendants' failure to respond fully to those interrogatories or to admit the facts posited by some of them constitutes evasion or incomplete disclosure.  (Id. at p. 2.) Plaintiff further claims that these failures were the result of bad faith on Defendants' part and, consequently, asks that they be sanctioned in the amount of $20,000.00.  (Id. at pp. 11-12.)

In response, Defendants assert that Plaintiff's motion is without merit because Defendants

---

[1]  Plaintiff's motion does not challenge the adequacy of Defendants' responses to Interrogatories D, E, G, J, K, L, M, N, O, and Q.

2

1    did respond to all of Plaintiff's interrogatories, either by way of answer or objection[2], as permitted

2    by Fed.R.Civ.P. 33(b)(3).  (Doc. 38.)  In support of Defendants' position that they have properly

3    responded to Plaintiff's interrogatories, Defendants cite not only the authority conferred by

4    Fed.R.Civ.P. 33(b)(3), but also the conclusions reached by the court in <u>Foster v. Rendenius</u>, 2008

5    U.S. Dist. Lexis 76507, ** 5, 6 on similar discovery issues ("a responding party is only required to

6    answer the interrogatory propounded" and "plaintiff may not object to an answer because his own

7    interrogatory is not worded to capture the response he seeks").  (<u>Id.</u>)  Moreover, Defendants insist

8    there is no basis to award sanctions to Plaintiff in the context of this discovery dispute; not only

9    have Defendants acted in good faith throughout the course of these proceedings, Defendants'

10    responses to the interrogatories in question are appropriate under the law.  (<u>Id.</u> at p. 10.)

11            The specific questions and responses in dispute here are as follows:

12                    **Interrogatory A:**  Defendants please explain if defendants
                    are in possession of Eastern District Court docket number
13                    (Doc hereinafter) [8, 19].[3]

14                    This court adopted the findings and recommendations
                    entered February 6, 2007, to wit:
15
16                    "Respondent's motion to dismiss is granted; this petition
                    (<u>Habeas Corpus</u>) is DISMISSED as moot without prejudice
17                    to petitioner's rights to file a civil rights action pursuant to
                    28 U.S.C. section 1983: and the Clerk of the Court is
                    directed to enter judgment for Respondent and to close this
18                    case.  IT IS SO ORDERED.  Dated March 28, 2007.

19                    **Response to Interrogatory A**:  Objection, as phrased, this
                    interrogatory is unintelligible.  No court docket number is
20                    provided and the first part of the question does not seem to
                    apply to the second paragraph of the question.
21                    Additionally, the question is compound.  On this basis, no
                    answer can be provided.

22

23

24        [2]  Defendants' objections included claims that Plaintiff's questions were not sufficiently intelligible, sought
25    admissions from Defendants rather than information, and were sometimes in the form of improper statements rather than
        questions seeking to elicit information from Defendants.  (Doc. 38 at p. 4.)

26        [3]  Errors in grammar, punctuation, spelling, citation, and/or formatting are not identified by "*sic*."  This order
27    quotes verbatim the interrogatories and responses as stated in the moving papers and responsive pleadings.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**Interrogatory B:** Doth defendant(s) denied United States Magistrate Judge William M. Wunderlich ordered petitioner/plaintiff' writ of Habeas Corpus to be dismissed without prejudice, establishing my Right to file a 42 U.S.C. 1983 civil action for illegal imprisonment and false arrest and false imprisonment March 28, 2007?

**Response to Interrogatory B:** Objection, as phrased, this interrogatory is unintelligible and compound. As such, no response can be provided at this time. Furthermore, the form of the question is such that rather than an interrogatory, this appears to be more in the nature of a request for admission.

**Interrogatory C:** Doth defendant(s) admit or deny that Kern County Superior Court Judge Bush dismissed the case No. BF108480A on approximately June 30, 2005 pursuant to Penal Code 995?

**Response to Interrogatory C:** Defendants cannot admit or deny at this time, as defendants have no personal knowledge of the status of the underlying criminal case. On that basis, defendants neither admit or deny and object to the form of the question as being more in the nature of a request for admission than an interrogatory.

**Interrogatory F:** Doth defendant(s) admit that Lab Technician Jeanne Spencer of the Kern County Sheriff crime lab testified that the defendants submitted Methamphetamine on record at the preliminary hearing.

**Response to Interrogatory F:** Objection to the form of the question, as it appears to be in the nature of a request admission instead of an interrogatory. However, defendants have no personal knowledge regarding the testimony of any crime lab witness in the underlying criminal case against plaintiff.

**Interrogatory H:** Did Defendant(s) admit the Eastern District Court (Fresno, California) have jurisdiction to process the 42 U.S.C. 1983 CIVIL COMPLAINT, for **redress** AS RECORCDED IN EASTERN DISTRICT COURT (CLERK OF THE COURT et al) RECORDS?

**Response to Interrogatory H:** Objection. The question, as phrased is vague, ambiguous, and overbroad. Furthermore, the form of question is improper, as it appears to be more in the nature of a request for admission than an interrogatory. However, without waiving said objections, the defendants admit that U.S. District Courts have jurisdiction to hear 42 U.S.C. § 1983 complaints.

4

**Interrogatory I:**   In Defendant(s) answer to the complaint in reference to section (3) of Plaintiffs Complaint Defendant(s) answer was "As to Paragraph 3 of Plaintiff's Complaint, Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that bases Defendants deny each and every allegation contained therein?

**Response to Interrogatory I:**   Objection.  The form of this interrogatory is such that it appears to be a statement rather than a question.  In that respect, it is impossible to answer the interrogatory.  Insofar as what paragraph 3 of plaintiff's complaint states and defendants' answer states, the documents speak for themselves.

**Interrogatory P:**   Do Defendants understand they have only qualified immunity?  (see definition)

**Response to Interrogatory P:**   Objection.  This question is incomplete as phrased and seeks the attorney-work product of defense counsel.  Furthermore, the form of the question is improper.  As such, no response can be provided.

**Interrogatory R:**   Do Defendants admit United States Eastern District of California on February 6, 2007 entered and adopted the findings and Recommendations of Magistrate Goldner Respondent motion to dismiss the writ of habeas corpus is moot without prejudice granting plaintiffs/petitioners Right to file a civil Rights action pursuant to 28 U.S.C. section 1983 March 28, 2007?

**Response to Interrogatory R:**   Objection.  This question, as currently phrased, is unintelligible and no response can be provided as such.  Furthermore, defendants do not have personal knowledge of what Magistrate Judge Goldner did on February 6, 2007, as it relates to any habeas corpus.

**Interrogatory S:**   Did Defendants swear under penalty of perjury as an officer with the B.P.D. clothed under color of Law that they saw Plaintiff discard a small bindle of cocaine November 28, 2004?

**Response to Interrogatory S:**   Objection.  This question is unintelligible and as currently phrased, is compound.  Without waiving said objection, defendants did observe a small bindle of what they believed to be cocaine base discarded on the date in question.

**Interrogatory T:**   Did Defendants swear under penalty of perjury in their police report as an officer with the B.P. D. clothed under Color of Law that they saw cocaine fall from

5

Plaintiff side November 28, 2004?

**Response to Interrogatory T:**   Objection.  The question is compound and the form of question is such that it appears to be more the nature of a request for admission than an interrogatory.  However, the report prepared by Officer Lantz identifies a plastic bindle of an off-white rocky substance.

**Interrogatory U:**   Do Defendants operating procedures require them to test any controlled substance to determine the Identify before swearing what it is?  Or if they are going to arrest a suspect do they have to identify the controlled substance at issue?

**Response to Interrogatory U:**   Objection.  Compound as currently phrased, the term "operating procedures" is so vague, ambiguous and overbroad as to make it unintelligible.  As such, no response can be provided to this interrogatory.

## ANALYSIS AND DISPOSITION OF DISPUTED RESPONSES

*Interrogatories A, B, and R.*   Various orders of this Court entered in other proceedings contain the information Plaintiff seeks to elicit from Defendants in Interrogatories A, B, and R. Those orders may properly be the subject of judicial notice and Plaintiff may ask the Court to take judicial notice of them.  For that reason, Plaintiff's request to compel further responses from Defendants as to Interrogatories A, B, and R is denied as moot.  Defendants are not required to provide further responses to Interrogatories A, B, or R.

*Interrogatory C.*   Interrogatory C asks if defendant(s) admit or deny that Kern County Superior Court Judge Bush dismissed the case No. BF108480A on approximately June 30, 2005 pursuant to Penal Code 995.  The Court acknowledges that Interrogatory C is not properly framed. Despite that fact, a more complete response can now be made, according to statements of Defendants' counsel made at the hearing on this motion.  Defendants have quite recently received a copy of the relevant criminal file from the Kern County District Attorney's Office,  which receipt now enables Defendants to provide an amended response to this interrogatory.

If Defendants have not already done so, Defendants shall serve an amended response to Interrogatory C within twenty (20) days after the date of the hearing.  Plaintiff's motion to compel

6

a further response to Interrogatory C is granted.

*Interrogatory F.*   Plaintiff's Interrogatory F suffers from the same framing defect as Interrogatory C.  However, after some discussion with the parties during the course of the hearing, it was agreed that, given the availability of the recently disclosed information contained in the Kern County District Attorney's file, Defendants could more fully answer Interrogatory F if it were restated to ask about testimony regarding the results of "whatever substance was submitted to the referenced crime lab technician for testing."  Defendants stated their willingness to provide an amended response to Interrogatory F if restated in this manner.

If Defendants have not already done so, Defendants shall serve an amended response to Interrogatory F, as modified at the hearing, within twenty (20) days after the date of the hearing. On that basis, Plaintiff's motion to compel a further response to Interrogatory F is granted.

*Interrogatory H.*   Interrogatory H essentially seeks information  regarding the propriety of subject  matter jurisdiction and venue in this proceeding.  Defendants have already admitted that information in their answer, which has been filed in the action.  (Doc. 29.)   Defendants are not required to provide further responses to Interrogatory H and Plaintiff's motion to compel any further response to Interrogatory H is denied.

*Interrogatory "I."*   As propounded, it is unclear what information sought by Interrogatory "I".  In response to questions posed by the Court at the hearing, Plaintiff stated, essentially, that he was attempting to determine if Defendants disputed Plaintiff's allegation that Plaintiff is, and was at all times mentioned in the complaint, a citizen of the United States and a resident of Kern County.  The Court explained to Plaintiff why Defendants answered those allegations of the complaint in the way that they did, and acknowledged that Interrogatory "I" did not frame a question Defendants could answer.  Still, after further discussion at the hearing, the parties agreed that if the Interrogatory was understood to elicit information about whether the Defendants currently had any reason to think that Plaintiff was not a citizen of the United states and/or a resident of Kern County, Defendants could and would frame an answer to that restated

1   interrogatory.

2        If Defendants have not already done so, Defendants shall serve an amended response to

3   Interrogatory "I," as modified at the hearing, within twenty (20) days after the date of the hearing.

4        *Interrogatory P.*    Interrogatory P asks if Defendants "understand they only have qualified

5   immunity."  Defendants have asserted an affirmative defense of qualified immunity in their

6   answer.  (Doc. 29 at p. 5.)  They are entitled to do so.  Whether or not Defendants actually possess

7   qualified immunity as they have claimed cannot be known or tested until the facts are developed

8   through the process of discovery.  That process is only in its earliest stages and those facts are not

9   yet sufficiently known.

10       Interrogatory P is not proper.   Defendants are not required to provide further responses to

11  Interrogatory P and Plaintiff's motion to compel any further response to Interrogatory P is denied.

12       *Interrogatory S.*    Interrogatory S asks if Defendants "[swore] under penalty of perjury as

13  an officer with the B.P.D. clothed under color of Law that they saw Plaintiff discard a small bindle

14  of cocaine November 28, 2004."   Although Defendants objected to the interrogatory as

15  unintelligible and compound, Defendants' response also included the statement that, "[w]ithout

16  waiving said objection, defendants did observe a small bindle of what they believed to be cocaine

17  base."

18       At the hearing, Defendants explained that their hesitation to answer or otherwise respond to

19  the interrogatory differently or more fully arose out of their uncertainty regarding (1) the occasion

20  or document(s) to which the declaration/oath "under penalty of perjury" referred and (2) what

21  Plaintiff understood the phrase, "clothed under color of law," to mean.  After some discussion and

22  further clarification, it was agreed that if the reference to "clothed under color of law" was deleted

23  from the Interrogatory, and if the "penalty of perjury" declaration/oath was understood to refer to

24  the probable cause declaration made in connection with the November 28, 2004 arrest and/or

25  preliminary hearing testimony, Defendants could and would provide an amended response to

26  Interrogatory S, as restated.

27

8

1    If Defendants have not already done so, Defendants shall serve an amended response to

2  Interrogatory S, as modified at the hearing, within twenty (20) days after the date of the hearing.

3  On that basis, Plaintiff's motion to compel a further response to Interrogatory S is granted.

4    *Interrogatory T.*    The issue involved in the disputed response to Interrogatory T is

5  identical to one raised in Interrogatory S.  Interrogatory T asks if Defendants "[swore] under

6  penalty of perjury in their police report as an officer with the B.P.D. clothed under color of Law

7  that they saw Plaintiff discard a small bindle of cocaine November 28, 2004."[4]  At the hearing,

8  Defendants again explained that they did not know what Plaintiff meant when he used the phrase,

9  "clothed under color of law."  After discussion and further clarification, the parties agreed that the

10  reference to "clothed under color of law" would be deleted from Interrogatory T and replaced  with

11  the phrase, "acting in the course and scope of their duties as B.P.D. officers."  Defendants would

12  then provide an amended response to Interrogatory T, as restated.

13    If Defendants have not already done so, Defendants shall serve an amended response to

14  Interrogatory T, as modified at the hearing, within twenty (20) days after the date of the hearing.

15  On that basis, Plaintiff's motion to compel a further response to Interrogatory S is granted.

16    *Interrogatory U.*    Interrogatory U, as propounded, is not a model of clarity.  It asks if

17  Defendants' operating procedures required them to test a controlled substance to determine its

18  identity "before swearing what it is" and "if they are going to arrest a suspect do they have to

19  identify the controlled substance at issue."  Defendants objected on the grounds that the

20  interrogatory  was compound and that the vagueness and ambiguity of the phrase, "operating

21  procedures," made the question unintelligible.  Again, after discussion during the course of the

22  hearing on this discovery motion, the question was clarified.  The parties agreed that the

23  interrogatory should be understood to ask whether the policy or practices governing the conduct of

24  the Bakersfield Police Department patrol officers in the field require those patrol officers to

25

26    [4] Defendants objected to the interrogatory on grounds related to its form but also responded that "the report
27  prepared by Officer Lantz identifies a plastic bindle of an off-white rocky substance."

perform a test <u>in the field</u>[5] on the controlled substance seized in order to determine the identity of the substance before the officers may properly arrest a person on a charge relating to the possession or use of that substance.  As restated, Defendants represented that they would provide an amended response to Interrogatory U.

If Defendants have not already done so, Defendants shall serve an amended response to Interrogatory U, as restated, within twenty (20) days after the date of the hearing.  On that basis, Plaintiff's motion to compel a further response to Interrogatory U is granted.

### PLAINTIFF'S REQUEST FOR SANCTIONS

Plaintiff seeks expenses and sanctions in the amount of  $20,000.00 in connection with this motion.  Plaintiff cites Fed.R.Civ.P. 37 as authority for such an award, and argues that Defendants' evasive or incomplete disclosures were the result of bad faith on Defendants' part; consequently, sanctions are warranted.

With respect to the kinds of motions involved in this proceeding – motions for an order compelling disclosure or discovery – Federal Rule of Civil Procedure 37(a) permits the payment of expenses only if the motion is granted and certain other conditions are met.  The language of Fed.R.Civ.P. 37(a) does not authorize the award of sanctions for motions to compel discovery.

An award of expenses will not be made here for several reasons.  First, Plaintiff is representing himself and, consequently, has not incurred attorney fees.  Further, Plaintiff has made no showing that he incurred other costs directly related to the prosecution of this motion.  Second, a substantial portion of those interrogatories to which Plaintiff sought further answers  were denied.  Third, those interrogatories to which further responses were ordered all required considerable intervention and direction on the Court's part in order to make them sufficiently clear before Defendants could be ordered to answer them.  Under these circumstances, an award of expenses, or anything in the nature of sanctions, is not justified.

---

[5]  The field testing by patrol officers described in this restated interrogatory is understood to be different than, and separate from, any testing later done by technicians to identify substances previously seized by patrol officers while the officers were performing their duties in the field.

1

**CONCLUSION**

2        As set forth herein, it is HEREBY ORDERED that Plaintiff's motion to compel further

3   responses is GRANTED IN PART and DENIED IN PART as follows:

4        1.  Plaintiff's motion to compel further responses to Interrogatories A, B, R, H, and P is

5   denied.

6        2.  Plaintiff's motion to compel further responses to Interrogatories C, F, "I," S, T, and U is

7   granted and Defendants have until July 2, 2009, which is twenty (20) days after the date on which

8   this motion was heard, to serve further responses to these interrogatories as they have been restated

9   or otherwise modified in the manner described herein.

10       3.  Plaintiff's request for expenses and sanctions is denied.

11

12       IT IS SO ORDERED.

13    **Dated:    June 23, 2009**            _____ /s/ **Dennis L. Beck** _____
                                             UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

11